UNITED STATES *v.* M. V. JENKINS (CHEE WO TONG Co.)

**No. 4719.**—Invoice dated Hongkong, April 27, 1939.
Entered at Sumas, Wash., May 23, 1939.
Entry No. 993–K.

(Decided January 31, 1940)

*Webster J. Oliver*, Assistant Attorney General (*Richard F. Weeks*, special attorney), for the plaintiff.
*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the defendant.

CLINE, Judge: This is an appeal taken by the United States under the provisions of section 501 of the Tariff Act of 1930 from the value found by the United States appraiser at the port of Seattle on a Chinese medicine known as Yuk Chuk.

It appears that there were two items of Yuk Chuk on the invoice, which were described thereon as follows:

(Page 10 of invoice)
  1 case Yuk Chuk Medicine
    total 140–1 lb pkts.
    140 lbs—per lb_____ 34½    48.30
     *        *        *        *        *        *        *
(Page 16 of invoice)
  Yuk Chuk Medicine
    80–½ lb packets
    total 40 lbs—per lb_____ 34½    13.8

On the trial of the issue counsel for the Government offered evidence which established that the merchandise was entered at .34½ Hong Kong dollars per pound, plus packing, and that subsequently and before either the invoice or the merchandise had come under the observation of the acting appraiser for the purpose of appraisement an amended entry was filed. It was the intention of the importer, as shown by a schedule of unit prices submitted with such amended entry, to enter the Yuk Chuk at .62 Hong Kong dollars per pound, plus packing, but on the amended entry itself the merchandise was described as "vegetables prepared" having a total value of 24.80 Hong Kong dollars.

It is apparent that such amended value represents only the value of the 80 half-pound packets, and it is shown by Exhibit 1 herein, which is a letter addressed to the deputy collector of customs by the defendant, that the extension of the value of the item of Yuk Chuk in one-pound packets was inadvertently omitted from the amended entry.

J. C. Held, the examiner in the appraiser's office at the port of Seattle who passed the invoice, testified that he appraised the merchandise as entered, and it appears that the collector thereafter took the present appeal.

At the close of the evidence offered by the Government, counsel for the defendant-importer moved to dismiss the appeal on the ground that the plaintiff had failed to establish the foreign or export value of the item in question. In my view, however, Exhibit 1, the letter referred to above, must be construed as an admission on the part of the defendant that the correct value of the merchandise was .62 Hong Kong dollars per pound, plus packing, and the motion to dismiss is therefore denied.

On the record before me I find that the value of the Yuk Chuk in issue on the date of exportation was .62 Hong Kong dollars per pound, plus packing. Judgment will issue accordingly.